UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br>as subrogee of Dominic Petrillo,<br>d/b/a Petrillo's<br>One Nationwide Gateway<br>Des Moines, IA 50391 | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>DOCKET NO. _____ |
| Plaintiff, | :<br>: | |
| v. | :<br>: | |
| BROAN-NUTONE, LLC<br>926 W. State Street<br>Hartford, WI  53027 | :<br>:<br>:<br>: | |
| and | :<br>: | |
| JAKEL MOTORS INCORPORATED<br>f/k/a Jakel, Inc.<br>200 State Street<br>Beloit, WI 53511 | :<br>:<br>:<br>:<br>: | |
| Defendants | :<br>: | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nationwide Mutual Insurance Company as subrogee of Dominic Petrillo d/b/a Petrillo's, by and through its undersigned counsel, Drummond Woodsum, files this Complaint against  Defendants Broan-NuTone, LLC and Jakel Motors Incorporated, and in support thereof states as follows:

## PARTIES

1. Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at One Nationwide Gateway, Des Moines, Iowa 50391,

and at all times material hereto was duly authorized to issue policies of property insurance in the State of Maine.

2.      Defendant, Broan-Nutone, LLC (hereinafter "Broan"), is a Delaware limited liability company, and its principal place of business is located at 926 W. State Street, Hartford, Wisconsin 53027, and at all times material hereto it was engaged in the business of designing, manufacturing and distributing electrical appliances, including ventilation fan/light combinations, throughout the United States, including distribution to Maine. The sole member of Broan-NuTone, LLC is Nortek, Inc.  Nortek, Inc. is a Delaware corporation and its principal place of business is located in College Park, Georgia.

3.      Defendant, Jakel Motors Incorporated, formerly known as Jakel, Inc. (hereinafter "Jakel"), is a corporation duly organized and existing under the laws of the State of Wisconsin, and its principal place of business is located at 200 State Street, Beloit, Wisconsin 53511, and at all times material hereto it was engaged in the business of designing, manufacturing and distributing electric motors for electrical appliances, including ventilation fan/light combinations, throughout the United States including distribution to Maine.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs of the action, exceeds the sum of $75,000.00.

5.      Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## **GENERAL ALLEGATIONS**

6.     Plaintiff incorporates by reference each and every allegation set forth above and below as fully as if recited herein at length.

7.     At all times material hereto, Plaintiff Nationwide's insured Dominic Petrillo d/b/a Petrillo's (hereinafter "Petrillo"), owned the real and personal property at 15 Depot Street, Freeport, Maine 04032 (hereinafter the "Property") and operated a restaurant at the subject building.

8.     At all times material hereto, Plaintiff Nationwide insured Petrillo's property and business operations at the Property pursuant to a policy of insurance.

9.     At all times material hereto, located in a second floor bathroom at the Property, there was a Broan ventilation fan/light combination (hereinafter "the Fan") containing an electric motor (hereinafter "Electric Motor") manufactured by Jakel.

10.     On July 20, 2022, the Fan caught fire (hereinafter "the Fire"), which resulted in significant smoke, soot, fire and extinguishment water damages to the Property.

11.     The Fire occurred because of an internal failure stemming from defects within the Fan.

12.     The Fan lacked proper, non-defective protective devices, and as a result, the Fan was defective and caused the Fire.

13.     As a result of the Fire, and related smoke, soot and extinguishment water, the Property was damaged and Petrillo suffered significant losses, including destruction of real and business property, additional expenses and other business losses.

14.     Pursuant to its obligations under their respective policy, Nationwide paid Petrillo in excess of $654,000.00 for the damages, expenses and losses resulting from the Fire.

15.     In accordance with common law principles of legal and equitable subrogation, the terms of the policy, and Maine law, Plaintiff Nationwide is subrogated to the rights of Petrillo to the extent of the payments they made to Petrillo pursuant to the policy, and with respect to its claims against Defendants Broan and Jakel for causing the Fire and related damages, expenses and losses.

## COUNT I - NEGLIGENCE OF BROAN

16.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

17.     The aforementioned fire and the subsequent loss and damage to Plaintiff Nationwide's insured's property were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of Defendant Broan, its employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

(a)     the Product was defectively designed and/or manufactured such that component parts were insufficient to prevent overheating from occurring in the event of a product failure;

(b)     the Product was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

(c)     the Product contained inadequate warnings concerning its propensity to cause fires during intended use, and inadequate warnings were provided post-sale related to the propensity of the product to ignite a fire;

(d)    the Product was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

(e)    the Product was designed, manufactured and distributed in a defective condition as it contained improper wiring and an improper thermal protection device;

(f)    the Product was designed, manufactured and distributed in a defective condition as it contained an improper motor application; and

(g)    the Product was designed, manufactured and distributed without appropriate application of safety devices.

18.    As a direct and proximate result of Defendant Broan's negligence, the aforementioned Fire occurred, causing substantial damage and destruction to Plaintiff's insured, including but not limited to damages to real property, personal property, and extra expenses and losses, for which the Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff Nationwide demands judgment against Defendant Broan for an amount in excess of $654,000.00 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT II - STRICT LIABILITY AND PRODUCT LIABILITY OF BROAN, PER 14 M.R.S.A. § 221

19.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

20.    At all times relevant hereto, Defendant Broan, by and through its agents, servants and/or employees, was engaged in the designing, manufacturing, selling, testing, distributing, supplying and/or assembling of the Product, for which activity and resulting harm thereof Defendant Broan is strictly liable, at common law and by statute (14 M.R.S.A. § 221), by

producing, selling and distributing a Product that was in a defective condition and unreasonably

fit, unsuitable and unsafe when used for its intended or reasonably foreseeable purposes.

21.    The Fire, and the ensuing damages, losses and expenses, were directly and

proximately caused by Defendant Broan's Product for which Defendant Broan is strictly liable,

at common law and by statute (14 M.R.S.A. § 221), for:

(a)    failing to design, manufacture, assemble and distribute a product that was

reasonably fit, suitable and safe when used for its intended or reasonably foreseeable purposes;

(b)    designing, manufacturing, testing, selling, distributing, supplying and/or

assembling the subject Product in a defective and unreasonably dangerous condition; and

(c)    failing to warn of the aforesaid defective condition of the Product.

22.    As a direct and proximate result of Defendant Broan's defective Product, the

aforementioned Fire occurred causing substantial damage and destruction to Plaintiff's insured,

including but not limited to damages to real property, personal property, and extra expenses and

losses, for which the Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff Nationwide demands judgment against Defendant Broan for an

amount in excess of $654,000.00 together with interest and the costs of this action, and such

other and further relief as this Court deems just and proper.

## COUNT III - NEGLIGENCE OF JAKEL

23.    Plaintiff incorporates by reference each and every allegation set forth above and

below as though the same were fully set forth herein at length.

24.    The aforementioned fire and the subsequent loss and damage to Plaintiff

Nationwide's insured's property were a direct and proximate result of the negligence, gross

negligence, carelessness, omissions, and/or failures to act of Defendant Jakel, its employees,

agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

    (a)    the Electric Motor was defectively designed and/or manufactured such that component parts were insufficient to prevent overheating from occurring in the event of a product failure;

    (b)    the Electric Motor was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

    (c)    the Electric Motor contained inadequate warnings concerning its propensity to cause fires during intended use, and inadequate warnings were provided post-sale related to the propensity of the product to ignite a fire;

    (d)    the Electric Motor was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

    (e)    the Electric Motor was designed, manufactured and distributed in a defective condition as it contained improper wiring and an improper thermal protection device;

    (f)    the Electric Motor was designed, manufactured and distributed in a defective condition as it contained an improper motor application; and

    (g)    the Electric Motor was designed, manufactured and distributed without appropriate application of safety devices.

25.    As a direct and proximate result of Defendant Jakels's negligence, the aforementioned Fire occurred, causing substantial damage and destruction to Plaintiff's insured,

including but not limited to damages to real property, personal property, and extra expenses and losses, for which the Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff Nationwide demands judgment against Defendant Jakel for an amount in excess of $654,000.00 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT IV - STRICT LIABILITY AND PRODUCT LIABILITY OF JAKEL PER 14 M.R.S.A. § 221

26.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

27.     At all times relevant hereto, Defendant Jakel, by and through its agents, servants and/or employees, was engaged in the designing, manufacturing, selling, testing, distributing, supplying and/or assembling of the Electric Motor, for which activity and resulting harm thereof Defendant Jakel is strictly liable, at common law and by statute (14 M.R.S.A. § 221), by producing, selling and distributing the Electric Motor that was in a defective condition and unreasonably fit, unsuitable and unsafe when used for their intended or reasonably foreseeable purposes.

28.     The Fire, and the ensuing damages, losses and expenses, were directly and proximately caused by Defendant Jakel's Electric Motor for which Defendant Jakel is strictly liable, at common law and by statute (14 M.R.S.A. § 221), for:

(a)     failing to design, manufacture, assemble and distribute a product that was reasonably fit, suitable and safe when used for its intended or reasonably foreseeable purposes;

(b)     designing, manufacturing, testing, selling, distributing, supplying and/or assembling the subject Product in a defective and unreasonably dangerous condition; and

(c)     failing to warn of the aforesaid defective condition of the Product.

29.     As a direct and proximate result of Defendant Jakel's defective Product, the aforementioned Fire occurred, causing substantial damage and destruction to Plaintiff's insured, including but not limited to damages to real property, personal property, and extra expenses and losses, for which the Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff Nationwide demands judgment against Defendant Jakel for an amount in excess of $654,000.00 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this claim be tried to a jury.

WHEREFORE, Plaintiff Nationwide respectfully requests judgment be entered in its favor and against Defendants, together with interest and such other and further relief as this Court may deem just.

Dated:  June 4, 2025

Respectfully submitted,
NATIONWIDE MUTUAL INSURANCE
COMPANY AS SUBROGEE OF DOMINIC
PETRILLO d/b/a PETRILLO'S
By Its Attorneys


 /s/  Elizabeth A. Germani
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
egermani@dwmlaw.com

*OF COUNSEL*:
Erick J. Kirker
Cozen O'Connor
1650 Market Street, 28th Floor
Philadelphia, PA  19103
215-665-2172
215-701-2172
ekirker@cozen.com